IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,604-01, -02, -03, -04 & -05






EX PARTE JOHN MCDADE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 31,427, 31,581, 31,592, 31,593 & 31,594


IN THE 13TH DISTRICT COURT

FROM NAVARRO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of five counts
of aggravated robbery and sentenced to twenty years' imprisonment on each count. He did not appeal
his convictions.

 Applicant contends, among other things, that he was incompetent. Applicant has alleged facts
that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order Applicant's trial counsel to respond
to Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was competent to plead guilty. In making this determination, the trial court shall state what evidence,
in any, indicated that Applicant was competent to plead guilty. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 13, 2011

Do not publish